# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1945

_____

United States of America

*Plaintiff - Appellee*

v.

Mario Pineda-Zetino

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 10, 2014
Filed: November 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mario Pineda-Zetino pled guilty to illegal reentry of a removed alien, in violation of 18 U.S.C. § 1326 and was sentenced to 46 months of imprisonment. On appeal he argues the district court[1] erred in imposing a 16-level sentence

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

enhancement based on his prior California conviction for assault with a deadly weapon, in violation of California Penal Code § 245(a)(1). We affirm.

Pineda-Zetino's Presentence Investigation Report (PSR) classified his prior California conviction as a crime of violence, and applied a 16-level increase to his sentence. Neither Pineda-Zetino, nor the government objected to the PSR at any time before this appeal, and so the district court adopted the PSR's computation of the advisory guidelines sentence at the sentencing hearing. Since Pineda-Zetino did not timely object to the classification of his prior California offense as a crime of violence, we review for plain error. United States v. Anderson, 664 F.3d 758, 766 (8th Cir. 2012). To prevail in this appeal, Pineda-Zetino "must show that the district court committed an error that is clear under current law, that the error affects his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines (U.S.S.G.) increases a defendant's offense level by 16-points if he was previously removed after a conviction for a crime of violence. The U.S.S.G. defines a crime of violence as including "aggravated assault [ . . . ] or any [ . . . ] offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii). Applying the categorical approach, we see no plain error in the district court's categorization of the California assault with a deadly weapon statute as a crime of violence. See United States v. Grajeda, 581 F.3d 1186, 1197 (9th Cir. 2009) (holding that California Penal Code § 245(a)(1) is "categorically a crime of violence under the element prong of § 2L1.2"); United States v. Sanchez-Ruedas, 452 F.3d 409, 414 (5th Cir. 2006) (holding that "California Penal Code section 245(a)(1) is a conviction for an offense that is categorically a crime of violence" under § 2L1.2). Accordingly, we affirm.

_____

-2-